**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RVASSETS LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:23-cv-14192 |
| | § | Honorable April M. Perry |
| MAREX CAPITAL MARKETS INC., | § | |
| DAVID HOFFMAN AND JASON | § | |
| MARGIOTTA, | § | |
| | § | |
| *Defendants.* | § | |

## CONFIDENTIALITY ORDER

A party to this action has moved that the Court enter a confidentiality order. The Court

has determined that the terms set forth herein are appropriate to protect the respective interests of

the parties, the public, and the Court. Accordingly, it is ORDERED:

1.      Scope.  All materials produced or adduced in the course of discovery, including

initial disclosures, responses to discovery requests, deposition testimony and exhibits, and

information derived directly therefrom (hereinafter collectively "documents"), shall be subject to

this Order concerning Confidential Information as defined below. This Order is subject to the

Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and

calculation of time periods.

2.      Confidential Information. As used in this Order, "Confidential Information"

means information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,"

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE

CODE - ATTORNEYS' EYES ONLY" by the producing party. Confidential Information

designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" is information that

falls within one or more of the following categories: (a) information prohibited from disclosure

1

by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case. Confidential Information falling into the above categories may be designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if the information is so sensitive that disclosure is likely to significantly harm the designating party's competitive position, such as identification of client-specific information (e.g., client lists or identities). In the case of computer source code ("Source Code Material"), the producing party may designate such Confidential Information as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY." To the extent that Plaintiff identifies its trade secrets in an interrogatory response that is designated 'HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,' Plaintiff agrees to provide a redacted version of the response that may be shared with David Hoffman and Jason Margiotta, who will treat the redacted version of the response as Confidential Information in accordance with this order. Plaintiff will make a good faith effort to minimize the amount of material redacted from its identification of trade secrets in the response. Defendants will not rely on the fact that particular material is or is not redacted to argue or suggest that Plaintiff's identified trade secrets do not qualify as trade secrets. Information or documents that are available to the public may not be designated as Confidential Information.

3.      Designation.

(a)      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on

2

the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced or disclosed. Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)  In the case of computer source code ("Source Code Material"), the producing party may designate such Confidential Information as "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY." The marking "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall be applied prior to or at the time of the documents are produced under the procedures provided in Section 5(d)(xii). Applying the marking "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL SOURCE CODE – ATTORNEYS' EYES ONLY" shall also be so marked.

(c)     The designation of a document as Confidential Information or Source

Code Material is a certification by an attorney or a party appearing pro se that the document

contains Confidential Information or Source Code Material as defined in this order.

(d)     The inclusion of Source Code Material as a potential designation that the

parties can apply to discovery material is not intended as an admission that either party possesses

relevant Source Code Material or that either party will or is obligated to produce any Source

Code Material.

4.     Depositions.

(a)     All deposition testimony taken in this case shall be treated as Confidential

Information until the expiration of the following: No later than the fourteenth day after the final

transcript is delivered to any party or the witness, within this time period, a party may serve a

Notice of Designation to all parties of record as to specific portions of the testimony that are

designated Confidential Information, and thereafter only those portions identified in the Notice

of Designation shall be protected by the terms of this Order. The parties may agree in writing to

extend the 14-day period to complete a Notice of Designation, and no order of the Court is

required for such extensions if the parties jointly agree to an extension of time. The failure to

serve a timely Notice of Designation shall waive any designation of testimony taken in that

deposition as Confidential Information, unless otherwise ordered by the Court. The time period

from a particular deposition through 14 days after the final transcript has been delivered or until

the Notice of Designation is served, whichever comes first, shall be referred to as the

"Designation Period." At any point during a deposition, counsel may also orally state for the

record if certain testimony should be treated as Source Code Material or Highly Confidential –

Attorneys' Eyes Only, in which event that relevant testimony and exhibits shall be treated as

4

Source Code Material or Highly Confidential – Attorneys' Eyes Only until the Notice of Designation is served.

5. Protection of Confidential Material.

(a) General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

(b) Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to any third person or entity except as set forth in subparagraphs (i)-(ix). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information designated as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER":

i. Counsel. Counsel for the parties and employees of counsel who have responsibility for the action. For a party's in-house counsel who has responsibility for the action, the in-house counsel must complete the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Before in-house counsel is shown Highly Confidential – Attorneys' Eyes Only material, a copy of the in-house attorney's signed Attachment A and a statement certifying that the in-house attorney does not perform a predominantly business (i.e., non-legal) function or have decision-making authority over matters that compete against the business of the producing party shall be provided to the producing party. A party may designate up to three in-house attorneys to see Highly Confidential – Attorneys' Eyes Only material. The signed Attachment A and certification statement shall be provided at least 10 days before access to the Highly Confidential – Attorneys' Eyes Only material is to be given to that in-house attorney. During that time period, the producing party may notify the receiving party in writing that it objects to disclosure of Highly Confidential – Attorneys' Eyes Only material to the in-house counsel. The parties agree to promptly confer and use good faith to resolve any such objection. If the

parties are unable to resolve any objection, the objecting party may file a motion with the Court within 15 days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

ii.    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

iii.    The Court and its personnel;

iv.    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

v.    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

vi.    Consultants and Experts. Outside consultants or experts (*i.e.*, not existing employees or affiliates of a party or an affiliate of a party) retained by the parties or counsel for the parties to assist in the preparation and trial of this action, provided that the consultant or expert has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound. Before a consultant or expert is shown Confidential Information, a copy of that consultant or expert's signed Attachment A and a current curriculum vitae of the consultant or expert shall be served upon the producing party at least 10 days before access to the Confidential Information is to be given to that consultant or expert. During that time period, the producing party may notify the receiving party in writing that it objects to disclosure of Confidential Information to the consultant or expert. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may file a motion with the Court within 15 days of the notice, or within such other time as the parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

vii.    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

viii.    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

ix.    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c)    The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to any third person or entity except as set forth in subparagraphs 5(b)(i) and 5(b)(iii)-(ix) above.

(d)    For Confidential Information designated CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY," the following additional restrictions apply:

i.    Access to a party's Source Code Material shall be provided only on a password protected stand-alone computer (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet, or the Internet) and on which all access ports have been disabled (except for one printer port) ("Source Code Computer"). The computer shall be located in a secured room ("Source Code Review Room"). Unless otherwise agreed, the stand-alone computer(s) may only be located at the offices of the producing party's outside counsel.

ii.         The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

iii.        The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

iv.         The producing party will produce Source Code Material in computer searchable format (i.e., electronically and text searchable) on the stand-alone computer(s) as described above and in a manner that accords with how the Source Code Material is stored in the ordinary course of business, retaining file and folder structures where possible. The stand-alone computer(s) will allow and facilitate the receiving party to install review tools to assist in its review, including, for example, the ability to (a) view, search, and line-number any source file; (b) search for a given pattern of text through a number of files; and (c) compare two files and display their similarities and differences; provided, however, that such software tools are reasonably necessary for the receiving party to perform its review of the Source Code Material and are in compliance with all of the terms, conditions and protections herein. The receiving party must provide the producing party with the CD, DVD, or other device (e.g., USB

stick) containing such licensed software tool(s), or a link to a website where the software may be downloaded for installation together with any necessary license, at least three (3) days in advance of the date upon which the receiving party wishes to have the software tools available for use on the computer. Should the producing party have any concerns about the requested tool, such as that they are used for purposes other than reviewing and searching source code or not commonly accepted in the industry, the parties shall meet and confer in good faith to resolve any issues. Otherwise, assuming the above conditions are met, the producing party shall install the requested software tools on the computer;

v. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room or Source Code Computer. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the secure room or the Source Code Computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification;

vi. All persons who will review a producing party's Source Code on the Source Code Computer on behalf of a receiving party, including members of a receiving party's outside law firm, shall be identified in writing to the producing party in advance of the first time that such person reviews Source Code on the Source Code Computer and in advance of any subsequent visit by that individual. Such identification shall be in addition to any other disclosure required under this Order. All persons viewing Source Code on the Source Code Computer shall sign, on each day they view Source Code, a log that will include the names of persons who view the Source Code on the Source Code Computer and when they enter and

9

depart. The receiving party shall maintain the log. The producing party shall be entitled to a copy of the log upon five (5) day's advance notice to the receiving party;

        vii.      Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The producing party shall not be responsible for any items left in the room following each inspection session, and the receiving party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect;

        viii.      Access to material designated "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" shall be limited to outside counsel and up to three (3) outside consultants or experts[1] (i.e., not existing employees or affiliates of a party or an employee of an affiliate of a party) retained for the purpose of this litigation and approved to access such materials pursuant to this Order. Notwithstanding this section, a party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the documents containing the Source Code Material ("Source Code Documents") are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders.

---

[1] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

ix.     No recordable media, recordable devices, or duplicating machines, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, scanners, printers, photocopiers, or drives of any kind, shall be permitted into the Source Code Review Room absent agreement of the producing party. The producing party shall make available a reasonably secure area (such as the reception desk area or a breakout room if one is available) where such devices and other belonging may be stored but the receiving party is responsible at all times for their own items.

x.     The receiving party's outside counsel and/or experts shall be entitled to take notes relating to the Source Code but may not copy any portion of the source code into the notes, unless it is necessary to do so and only to the extent those notes contain source code file names, source code function names, and/or source code page/line numbers. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein or unless separately agreed to in writing by the parties. Further, no other written or electronic record of the source code is permitted except as otherwise provided herein or unless separately agreed to in writing by the parties. No notes shall be made or stored on the inspection computer unless necessary for the inspection process, or left behind at the site where the inspection computer is made available, and any such notes shall be deleted or destroyed by the producing party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY";

xi.     To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" or (2) those pages

11

containing quoted Source Code Material will be separately stamped and treated as

"CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY";

xii.     The receiving party shall not copy, e-mail, transmit, upload,

download, print, photograph, or otherwise duplicate any portion of the designated

"CONFIDENTIAL SOURCE CODE –- ATTORNEYS' EYES ONLY" material, except the

receiving party shall be permitted to identify a reasonable number of pages of Source Code

Material for later production by the producing party ("Source Code Printouts"), and the receiving

party shall maintain a log of all such files that are later produced to it under this provision.

Within five (5) business days, the producing party will provide the requested material bearing

Bates numbers and the legend "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES

ONLY" unless objected to as discussed below. At the receiving party's request, up to three (3)

additional sets (or subsets) of printed source code may be requested and provided by the

producing party in a timely fashion;

xiii.     Electronic copies of Source Code Material shall be made only with

prior written consent of the producing party or as necessary to create documents which, pursuant

to the Court's rules, procedures and order, must be filed or served electronically. A receiving

party may include excerpts of Source Code Material in a pleading, exhibit, expert report,

discovery document, deposition transcript, or other Court document, provided that the Source

Code Documents are appropriately marked under this Order, restricted to those who are entitled

to have access to them as specified herein, and, if filed with the Court, filed under seal in

accordance with the Court's rules, procedures, and orders. The receiving party may create an

electronic copy or image of limited excerpts of Source Code Material only to the extent

necessary to create Source Code Documents, or any drafts of these documents.[2] The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the Source Code Material is used. Images or copies of Source Code Material shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from other papers except to the extent permitted herein. The receiving party may create an electronic image of a selected portion of the Source Code Material only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code Material shall at all times be limited to individuals who are authorized to access Source Code Material under the provisions of this Protective Order. Additionally, all electronic copies must be labeled "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY." If Source Code Documents are filed with the Court, they must be filed under seal in accordance with the Court's rules, procedures, and orders such that the provisions of this paragraph shall not apply to materials filed with the Court, so long as such materials shall be filed under seal.

xiv.     As noted above, the receiving party's outside counsel shall maintain a log of all copies of the Source Code Printouts (received from a producing party) that are delivered by the receiving party to any person and a log of any electronic images of Source Code Material, if any. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the producing party, the receiving party shall provide within two (2) days reasonable assurances and/or descriptions of the security

---

[2] Drafts shall only include those excerpts the receiving party believes will be included in the final version.

measures employed by the receiving party and/or person that receives a copy of any portion of the source code.

xv.　　Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" and shall continue to be treated as such.

xvi.　　If the receiving party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or experts. The receiving party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (e.g., a hotel prior to a Court proceeding or deposition).

xvii.　　Source Code Material may not otherwise be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

xviii.　　No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order. No person shall copy, e-mail, transmit,

upload, download, print, photograph, or otherwise duplicate any portion of the Source Code
Material, unless explicitly permitted by this Protective Order.

(e)     All copies of any portion of the Source Code Printouts in whatever form
shall be securely destroyed if the receiving party no longer contemplates using the Source Code
Printouts. Copies of Source Code Printouts that are marked as deposition exhibits shall not be
provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record
will identify the exhibit by its production numbers.

(f)     Control of Documents.  Counsel for the parties shall make reasonable
efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel
shall maintain the originals of the forms signed by persons acknowledging their obligations
under this Order for a period of three years after the termination of the case.

6.     Inadvertent Failure to Designate. An inadvertent failure to designate a document
as "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "HIGHLY
CONFIDENTIAL - ATTORNEYS' EYES ONLY" does not, standing alone, waive the right to
so designate the document; provided, however, that a failure to serve a timely Notice of
Designation of deposition testimony as required by this Order, even if inadvertent, waives any
protection for deposition testimony, except that the exhibits to a deposition, and direct testimony
concerning the contents of each exhibit, shall remain subject to the confidentiality designation, if
any, previously placed on the document that was marked as an exhibit. If a party designates a
document as Confidential Information after it was initially produced, the receiving party, on
notification of the designation, must make a reasonable effort to assure that the document is
treated in accordance with the provisions of this Order.  No party shall be found to have violated
this Order for failing to maintain the confidentiality of material during a time when that material

15

has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information. A party's failure to designate a document or testimony as Confidential Information does not constitute forfeiture of a claim of confidentiality as to any other document or testimony.

7.      Filing of Confidential Information. This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

8.      No Greater Protection of Specific Documents. Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

9.      Challenges by a Party to Designation as Confidential Information. The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

        (a)     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)      Judicial Intervention.  A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

10.      Action by the Court.  Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.      Use of Confidential Documents or Information at Trial.  Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing.  A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

12.      Confidential Information Subpoenaed or Ordered Produced in Other Litigation.

(a)      If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing,

immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing  in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

13.     Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal,  and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

14.     Obligations on Conclusion of Litigation.

(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation.  Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "CONFIDENTIAL SOURCE CODE - ATTORNEYS' EYES ONLY" under this Order, including copies as defined in ¶ 3(a), shall be returned to the producing party unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[3] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)     Retention of Work Product and one set of Filed Documents.  Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, (2) one complete set of all documents filed with the Court including those filed under seal, and (3) the expert reports served in this case.  Any retained Confidential Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

---

[3] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

15.     Order Subject to Modification.  This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

16.     No Prior Judicial Determination.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.     Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

Dated:   1/16/2025

_____

U.S. District Judge

## ATTACHMENT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RVASSETS LTD., | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No.: 1:23-cv-14192 |
| | § | Honorable April M. Perry |
| MAREX CAPITAL MARKETS INC., | § | |
| DAVID HOFFMAN AND JASON | § | |
| MARGIOTTA, | § | |
| | § | |
| *Defendants.* | § | |

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order

dated _____ in the above-captioned action and

attached hereto, understands the terms thereof, and agrees to be bound by its terms. The

undersigned submits to the jurisdiction of the United States District Court for the Northern

District of Illinois in matters relating to the Confidentiality Order and understands that the

terms of the Confidentiality Order obligate him/her to use materials designated as Confidential

Information in accordance with the Order solely for the purposes of the above-captioned

action, and not to disclose any such Confidential Information to any other person, firm or

concern.

1

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____          _____

                                                      Signature