*Exhibit 1*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RVASSETS LTD., <br>               Plaintiff, <br>       v. <br> MAREX CAPITAL MARKETS INC., DAVID HOFFMAN AND JASON MARGIOTTA <br>               Defendants. | Case No.: 1-23-cv-14192 <br><br> Honorable Sara L. Ellis, U.S.D.J. <br><br> JURY TRIAL DEMANDED |

**DEFENDANT MAREX CAPITAL MARKETS INC.'S RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1–85)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Marex Capital Markets Inc. ("Marex") serves these objections and responses to the First Set of Requests for Production of Plaintiff RVassets Ltd. ("RVassets" or "Plaintiff"). These objections and responses refer to the First Set of Requests for Production collectively as the "Requests" and individual production requests as a "Request." These objections and responses are made solely for the purpose of this litigation and shall not be used for any other purpose.

These objections and responses are based solely on the information that is presently available and specifically known to Marex based on its reasonably diligent investigation to date. Marex's investigation into the facts of this case is ongoing and is not yet completed. As a result, Marex expressly reserves the right to supplement or amend its objections and responses pursuant to the Federal Rules of Civil Procedure, the Local Rules, and any other applicable rules or orders of the Court.

Marex's objections and responses and any associated production of documents or other material in response to the Requests do not in any way constitute an adoption of Plaintiff's

purported Definitions of words or phrases contained in the Requests or an acknowledgment that any Instruction is reasonable or that the information or documents provided are relevant or admissible. Marex's objections and responses and any associated production of documents or other material in response to the Requests shall not be a waiver of any right to object to the relevance or admissibility of any information, documents, or material provided.

A statement in these objections or responses that Marex will produce documents is not an acknowledgement or admission that such documents exist. Marex will conduct a reasonable search of the documents in its possession, custody, or control pursuant to an agreement on custodians and produce the relevant, non-privileged documents. Marex intends to make its document productions on a rolling basis.

## GENERAL OBJECTIONS

Marex makes the below general objections, which are incorporated as though it is set forth fully in the specific answer and objections to each Request.

1. Marex objects to the Requests, Definitions, and Instructions to the extent they seek to impose any requirement or obligation on Marex that is broader than or inconsistent with those set forth in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules or orders of the Court.

2. In accordance with Federal Rule of Civil Procedure 26(b)(1), Marex objects to the Requests to the extent that they seek information or documents protected from disclosure by the attorney-client privilege, the attorney work product doctrine, or any other applicable privileges or immunities. To the extent that any information or document protected from disclosure by an applicable privilege or immunity is inadvertently provided in response to a Request, that production shall not be deemed a waiver of the applicable privilege or protection. Fed. R. Evid.

502(b). In accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and any applicable discovery orders that the Court may enter, if Marex notifies Plaintiff that it disclosed privileged or protected information inadvertently or otherwise, Plaintiff must immediately return, sequester, or destroy the inadvertently produced privileged material, including all copies. In addition, Plaintiff must not use such items for any purpose unless or until it receives an order from the Court permitting it do so. In the event that an inadvertent production of information is deemed by the Court to be a waiver of any privilege or immunity, the waiver shall be a limited waiver pertaining to that information only.

      3.      In accordance with Federal Rule of Civil Procedure 26(b)(1), Marex objects to the Requests to the extent they seek information about matters that are not relevant to the claims or defenses of any party or impose a burden on Marex that is not proportional to the needs of the case considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery is outweighed by its likely benefit.

      4.      In accordance with Federal Rule of Civil Procedure 26(b)(2)(B), Marex objects to the Request, Definitions, and Instructions to the extent that they require Marex to provide information, documents, or data contained in sources that are not reasonably accessible because of undue burden or cost. Marex further objects to the Requests, Definitions, and Instructions to the extent they seek to impose requirements to search everywhere for responsive documents. Marex's search and review of materials will be consistent with the requirements and obligations imposed on it by the relevant Federal Rules of Civil Procedure, the Local Rules, any applicable orders of the Court, or any other obligations that the parties might negotiate (e.g., through an ESI order).

Subject to the requirements and obligations imposed on Marex by these sources of authority, Marex will conduct a reasonable search in the locations where it expects to find responsive documents.

5. Marex objects to the Requests to the extent that they seek private, business confidential, proprietary, commercially sensitive, or personal information. Any such information that is disclosed to Plaintiff shall be pursuant to a suitable protective order entered by the Court. Marex will not produce any confidential documents or information until a protective order is entered in this case.

6. Marex objects to the Requests, Definitions, and Instructions to the extent that they assume disputed facts or facts that are inaccurate, call for or assume legal conclusions, are argumentative, or are otherwise defective in form. Marex denies any disputed or inaccurate facts or legal conclusions that are or may be assumed by the Requests, Definitions, and Instructions.

7. Marex objects to the Requests to the extent they seek information or documents that are a matter of public record, otherwise equally accessible to or ascertainable by Plaintiff, or otherwise can be more easily obtained from a source other than Marex.

8. Marex objects to each Requests to the extent that it is duplicative or redundant of other Requests or discovery requests.

9. Marex objects to the Requests, Definitions, and Instructions to the extent they seek to impose on Marex an obligation to search for documents or information that is not in the possession, custody, or control of Marex.

10. Marex objects to the Requests, Definitions, and Instructions to the extent they fail to describe the documents or information sought with reasonable particularity.

11. Marex objects to the Definitions to the extent they: (i) are unclear, ambiguous, overly broad, or unduly burdensome; (ii) are inconsistent with the ordinary and customary meanings of the words or phrases they purport to define; (iii) seek to impose obligations different from, or in excess of, those created by applicable rules; or (iv) incorporate purported Definitions that suffer from such defects.

12. Marex objects to the definition of the terms "Marex," "You," and "Your" as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case as it includes entities and individuals that are not party to this case. Marex also objects to the definition as overbroad, unduly burdensome, and inconsistent with applicable rules to the extent that it seeks to require Marex to produce documents or information outside of its possession, custody, or control with respect to the entities and individuals it purports to include. Marex further objects to the definition as vague and ambiguous to the extent it seeks Marex to provide documents or information on behalf of or related to "assets." Subject to the foregoing objections, Marex will interpret this definition to mean Marex Capital Markets Inc. and its former name "E D & F Man Capital Markets Inc."

13. Marex objects to the definition of the term "ED&F Man" as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case as it includes entities and individuals that are not party or relevant to this case. Marex also objects to the definition as overbroad, unduly burdensome, and inconsistent with applicable rules to the extent that it seeks to require Marex to produce information outside of its possession, custody, or control with respect to the entities and individuals it purports to include. Marex further objects to the definition as vague and ambiguous to the extent it seeks Marex to provide

information on behalf of or related to "asset[s]." Marex will interpret this definition to mean E D & F Man Capital Markets Inc., which was renamed "Marex Capital Markets Inc."

14. Marex objects to the definition of the term "OptionsLive" as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case as it purports to include software—including, but not limited to, code, functionality, data, and other aspects of the OptionsLive software—not at issue in this case. By way of example, OptionsLive's functionalities *other than* the fractional pricing functionality are not at issue; but the definition taken literally is not limited to fractional pricing and thus purports to seek irrelevant information, and, by seeking such information, the definition is necessarily overbroad, unduly burdensome, and not proportional. Marex also objects to the definition as vague and ambiguous as it does not define the phrase "software offering the same or substantially similar functionality." Marex will interpret the term "OptionsLive" to mean OptionsLive as discussed and referred to in the Answer. Additionally, as applied in the context of any particular Request, Marex interprets the term as being limited only to the relevant aspects of OptionsLive.

15. Marex objects to the definition of the term "communication(s)" as vague, ambiguous, overbroad, and unduly burdensome to the extent it calls for documents or information about "each and every incident in which information is transmitted," including oral information transmissions that have not been recorded.

16. Marex objects to the definition of the term "person(s)" as overbroad, unduly burdensome, and inconsistent with applicable rules to the extent that it calls for document or information not in Marex's possession, custody, or control.

17. Marex objects to the definition of the term "identify" as irrelevant to the Requests.

18. Marex objects to the definition of the terms "relate to," "related to," "in relation to," and "relating to" as overbroad, unduly burdensome, vague, ambiguous, not relevant to the claims and defenses of any party, and not proportional to the needs of this case as it incorporates defective definitions to which Marex objects and calls for a nearly unbounded quantum of documents and information. Marex will interpret those terms consistent with their ordinary meaning.

19. Marex objects to the definition of the term "decision" insofar as the term includes the "Decision-making and deliberations leading up to the ultimate Decision," which is vague, ambiguous, and overbroad. Marex will interpret the term "decision" in accordance with its ordinary meaning.

20. Marex objects to the Instruction Number 3 to the extent it requests Marex to produce all documents in their native format. Marex will produce documents in response to the Requests in TIFF format. Marex will produce native versions of excel spreadsheets and PowerPoint presentations where possible. If a document cannot be produced in those formats, Marex will produce the document in a machine-readable format where possible.

21. Marex objects to Instruction Numbers 4-5, 7-9, and 11 to the extent they seek to impose requirements or obligations that are not found in the Federal Rules of Civil Procedure, the Local Rules, or any other applicable rules or orders of the Court. Marex will provide the information required by, and otherwise comply with, the applicable rules.

22. Marex objects to Instruction 12 because it applies an unlimited time period to the Requests. Unless otherwise stated, Marex will apply to the Requests the time period of January 1, 2016 to the date that the Complaint was filed. Marex will not provide information, documents, or a privilege log for documents or information outside of that time period.

23. Marex objects to the Requests as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case to the extent they seek to have Marex search for, collect, review, and produce documents from an undefined group of individuals and sources. Marex will conduct a reasonable search for documents in its possession, custody, or control, apply search terms and custodial limits to that search, and produce responsive, non-privileged documents in line with its response to the Requests.

24. Marex objects to the Requests to the extent that any of them call for the production of documents that seek or contain private and personal information that is not related to the claims and defenses in this case. To the extent Marex agrees to produce documents responsive to any particular Request, and if documents responsive to that Request are found to actually exist, Marex reserves the right to redact any irrelevant private or personnel information.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**    Documents and communications related to Your decision, motivations, rationale, and intentions to recruit, interview, hire, and employ Jason Margiotta and David Hoffman.

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case because it seeks all documents in any way "related to" the decision to recruit, interview, or hire Jason Margiotta and David Hoffman regardless of relevance.

Marex objects to this Request as vague and ambiguous because it is unclear how the terms "decision," "motivations," and "intentions" differ as it relates to the scope of documents sought by Request. Marex also objects to this Request as vague and ambiguous because it does not describe with reasonable particularity the scope of documents sought through the use of the term "employ." The Request also does not describe how a decision to "employ" differs form a decision to "hire."

Subject to and without waiving the specific and general objections, the documents that Marex has agreed to produce in response to the other Requests will be sufficient to show the identifies and roles of persons involved in the development of the fractional pricing functionality of OptionsLive.

**REQUEST NO. 16** Documents and communications reflecting the operations, functionality, and structure of the OptionsLive software.

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case because it seeks information "reflecting the operations, functionality, and structure of the OptionsLive software" without limiting the Request only to the fractional pricing functionality of OptionsLive.

Marex objects to this Request as vague and ambiguous because it does not define "operations," "functionality," or "structure" or describe with reasonable particularity the scope of the documents sought. Marex will interpret this Request as seeking documents that contain or reflect the source code or algorithms of the OptionsLive software, the backend of the OptionsLive software, or the user interface of the OptionsLive software.

Marex objects to this Request as premature. In the Northern District of Illinois, a plaintiff must first "identify with reasonable particularity the matter which it claims constitutes a trade secret" before "discovery of its adversary's trade secrets." *AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 925–26 (N.D. Ill. 2001).

Subject to and without waiving the specific and general objections, Marex will further respond to this Request after Plaintiff has fully answered Defendants' interrogatories by identifying the required information about the purported trade secrets at issue.

**REQUEST NO. 17** Documents reflecting demonstrations or presentations regarding OptionsLive and its functionality.

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case because it seeks "demonstrations or presentations regarding OptionsLive and its functionality," without limiting the Request only to demonstrations or presentations regarding the fractional pricing functionality of OptionsLive.

Marex objects to this Request as vague and ambiguous because it does not define "demonstrations" or "presentations," or describe with reasonable particularity the scope of the documents sought. Marex will interpret this Request as seeking documents about OptionsLive presented to third parties.

Subject to and without waiving the specific and general objections, Marex will produce non-privileged documents in its possession, custody, or control that it locates in a reasonable search that reflect presentations about the fractional pricing functionality of OptionsLive presented to third parties.

**REQUEST NO. 18** Documents and communications sufficient to show all algorithms (including algorithms for pricing and trading listed options) embodied in or utilized by any version of OptionsLive (including all precursors created during development, such as prototypes), including the functionality, operation, conception, and development of each algorithm.

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case because it seeks "all algorithms" for functionality that includes but is not limited to pricing and trading and includes but is not limited to all listed options, and that is "embodied in or utilized by any version of OptionsLive," which is not limited to the fractional pricing functionality of OptionsLive.

Marex objects to this Request as vague and ambiguous because it does not describe reasonable particularity what is being sought through the clause "including the functionality, operation, conception, and development of each algorithm." Marex will interpret this Request as seeking documents sufficient to show the algorithms included in the fractional pricing functionality of OptionsLive.

Marex objects to this Request as premature in that it seeks Marex to produce trade secrets. In the Northern District of Illinois, a plaintiff must first "identify with reasonable particularity the matter which it claims constitutes a trade secret" before "discovery of its adversary's trade secrets." *AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 925–26 (N.D. Ill. 2001).

Subject to and without waiving the specific and general objections, Marex will further respond to this Request after Plaintiff has fully answered Defendants' interrogatories by identifying the required information about the purported trade secrets at issue.

**REQUEST NO. 19**  Documents and communications discussing the performance of any algorithms embodied in or utilized by any version of OptionsLive (including all precursors created during development, such as prototypes).

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case because it seeks "the performance of any algorithms embodied in or utilized by any version of OptionsLive," which is not limited to the fractional pricing functionality of OptionsLive. Additionally, Marex objects to the Request as seeking irrelevant information about "performance."

Marex objects to this Request as vague and ambiguous because it does not describe reasonable particularity what is being sought through the clause "performance of any algorithms."

- 20 -

Marex will interpret this Request as seeking documents sufficient to show the algorithms included in the fractional pricing functionality of OptionsLive.

Marex objects to this Request as premature in that it seeks Marex to produce trade secrets. In the Northern District of Illinois, a plaintiff must first "identify with reasonable particularity the matter which it claims constitutes a trade secret" before "discovery of its adversary's trade secrets." *AutoMed Techs., Inc. v. Eller*, 160 F. Supp. 2d 915, 925–26 (N.D. Ill. 2001).

Subject to and without waiving the specific and general objections, Marex will further respond to this Request after Plaintiff has fully answered Defendants' interrogatories by identifying the required information about the purported trade secrets at issue.

**REQUEST NO. 20** Documents and communications related to the need to maintain the secrecy or confidentiality of any aspect of OptionsLive, including its algorithms.

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as overbroad, unduly burdensome, not relevant to the claims and defenses of any party, and not proportional to the needs of this case because it seeks all documents "related to" the secrecy or confidentiality of "any aspect of OptionsLive," and is thus not limited to the fractional pricing functionality of OptionsLive.

Marex objects to this Request as vague and ambiguous because it does not define "need to maintain the secrecy or confidentiality" and does not describe with reasonable particularity the scope of the documents sought.

Subject to and without waiving the specific and general objections, Marex will produce non-privileged documents in its possession, custody, or control that it locates in a reasonable search that are sufficient to show the need for confidentiality of the fractional pricing functionality OptionsLive software.

- 21 -

**REQUEST NO. 85**   Documents and communications related to Your document retention and/or document destruction policies or practices, including document retention in response to this case and any documents reflecting or evidencing whether documents related to any or all of the claims in this case have been deleted, physically destroyed, discarded, damaged, or overwritten, whether pursuant to a document retention/destruction policy or otherwise.

**RESPONSE:** In addition to the General Objections, Marex objects to this Request as specifically seeking privileged information and attorney work product. Marex also objects to this Request as overbroad and not relevant to the claims and defenses by the parties in this case.

Dated: September 17, 2024

Respectfully submitted,

*/s/ Michael C. Polovich*
Stacie R. Hartman (IL Bar No. 6237265)
MORGAN, LEWIS & BOCKIUS, LLP
110 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 324-1000
Fax: (312) 324-1001
Stacie.Hartman@morganlewis.com

Michael C. Polovich (*pro hac vice pending*)
MORGAN, LEWIS & BOCKIUS, LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
Fax: (617) 341-7701
michael.polovich@morganlewis.com

***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of September 2024, I caused the foregoing to be served on all counsel of record by electronic mail.

                                                                       *s/ Michael C. Polovich*
                                                                          Michael C. Polovich