UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RVASSETS LTD., <br><br> Plaintiff, <br><br> v. <br><br> MAREX CAPITAL MARKETS INC., DAVID HOFFMAN AND JASON MARGIOTTA, <br><br> Defendants. | Case No.: 1-23-cv-14192 <br><br> Honorable April M. Perry, U.S.D.J. <br> Honorable Albert Berry, U.S.M.J. <br><br> JURY TRIAL DEMANDED |

**JOINT MOTION TO STAY DEADLINE TO FILE MOTION TO COMPEL (ECF 93)**

The parties, jointly by and through their respective undersigned counsel, hereby respectfully move this Court to stay the October 7, 2025 deadline for Plaintiff to file a renewed motion, and instead have the parties file a joint status report by October 20, 2025. (ECF 93.) In support of this Motion, the parties respectively state as follows:

**Plaintiff's Position**

1. Plaintiff filed a Motion to Enforce the Court's Discovery Order (ECF 87) based on the Court's prior order that certain discovery be produced by Defendants no later than August 4, 2025. The Court struck Plaintiff's motion on September 15, 2025, based on Defendants' arguments that further meeting and conferring should occur. (ECF 93.) The Court further ordered that Plaintiff must file a renewed motion by October 7, 2025, should meeting and conferring prove unsuccessful. *Id.*

2. After the Court's striking order, Plaintiff was prepared to confer and promptly reached out to request a meet and confer with Defendants. However, Defendants notified Plaintiff that they would be unprepared to meet and confer until at least the following week. Then Defendants later said they had scheduling conflicts all through the following week and could not

1

confer. Plaintiff offered to confer outside of normal business hours or over the weekend, which Defendants ignored. The parties ultimately met and conferred on September 29, 2025, two weeks after the Court's order, regarding the relief sought in Plaintiff's motion.

3. Nevertheless, the parties have made progress. Defendants have agreed to make available for inspection additional source code, metadata for that source code, and a notebook from defendant Jason Margiotta related to the conception and development of OptionsLive. Unfortunately, Defendants are still unable to give a date by which these materials will be provided. This is particularly troubling given that the deadline for Defendants to comply with the Court's discovery order was over two months ago. Plaintiff is being prejudiced by the continued delay in the production of this basic and important discovery.

4. Once Defendants make their supplemental production, Plaintiff will need time to review the materials and ascertain whether any dispute remains around what production is required under the Court's July 14 discovery order.

5. If Defendants do not provide a date certain for production promptly, Plaintiff will need to seek the Court's intervention to obtain compliance with the July 14 order. Nevertheless, in reliance on Defendants' representation that they are working diligently to make the materials available and to avoid burdening the Court with motion practice at this time, Plaintiff makes this joint request to stay the deadline for a renewed motion to see if the parties can reach an agreed resolution (albeit delayed from the August 4 compliance deadline set by the Court).

6. Finally, Plaintiff disagrees with many assertions in Defendant's position below. For example, the process of producing source code and a notebook is not nearly as complex as Defendants make it out to be and should not take so long to complete. Indeed, Plaintiff already made a supplemental source code production available on October 2, even with the added delay

for Plaintiff to ship the code from overseas and through customs that Defendants do not have to deal with. Nor is the discovery that the Court ordered Defendants to provide by August 4 limited to "algorithms." The request at issue states that it also seeks the "conception[] and development of each algorithm." (ECF 84 at 8.) The remainder of Defendants' position generally relates to extraneous matter, which is irrelevant to Plaintiff's Motion to Enforce the Court's Discovery Order and the relief sought here, and which contains statements Plaintiff disagrees with.

**Defendants' Position**

7. Defendants disagree with a number of the assertions above, but agree that – as the Court emphasized in its order striking Plaintiff's motion to compel as premature – the meet-and-confer process is critical and all the parties must fully seek "to resolve or narrow the issue[s]" in dispute before requesting intervention from the Court. (ECF 93.) The parties were in the midst of answering each other's questions about their respective discovery when Plaintiff filed its motion, now stricken, and they have resumed their discussions.[1]

8. Those resumed discussions include *both* sides' agreeing to collect supplemental source code for production to address the other party's concerns. Defendants continue to work expeditiously to complete their supplemental production, but Plaintiff summarily glosses over the complexity of this exercise. For example, Defendants have had to hire an outside consultant – as the undersigned told the Court at the last hearing would be necessary – for all things related to source code. The undersigned counsel is not a source code expert, and while one of Plaintiff's counsel reads source code (and spent nearly a week inspecting Defendants' production), Defendants have had to rely on an outside consultant. Defendants' investigation has included

---

[1] Among the disagreements with Plaintiff's assertions, they omit that Defendants' counsel was unavailable during the week of September 22 due to conflicts stemming from the Jewish High Holidays, depositions, and obligations for defense counsel's upcoming wedding. The parties subsequently met as soon as they were both available, on Monday, September 29.

3

highly technical questions about tens of thousands of lines of often interconnected source code (and the tasks, processes, and executables contained within the source code), as well as navigating and reviewing the technical logic within the source code, and attempting to locate and collect for production source code that, in some cases, was created over five years ago – a process that cannot be completed with a snap of fingers. Once the parties have both made their source code available for inspection, each party will need time to travel to inspect the other party's source code in person (Plaintiff to travel to Chicago, Defendants and their technical consultant to travel to Dallas).

9. Defendants also agreed to produce a physical notebook containing developmental notes for OptionsLive, which Defendants are producing in response to Plaintiff's other requests that call for such documents – not in response to Request No. 18 (the subject of Plaintiff's prior motion to compel), which specifically calls for the "algorithms (including algorithms for pricing and trading listed options) embodied" in OptionsLive.

10. Plaintiff itself still owes further answers, including as to its compliance with the Court's July 14 Order that Plaintiff fully identify its alleged trade secrets. Plaintiff's identification states that its trade secrets are principally (but not entirely) located in an identified series of files, and Plaintiff has not yet identified which of the more than 250,000 files that it has produced contain the source code constituting Plaintiff's alleged trade secrets (*i.e.*, the source code that Defendants are accused of having divined).

11. The parties agreed that, in light of the significant progress that the parties have made and have agreed to continue making, and due to complexities investigating one another's questions, it made good sense to continue their respective work and bring this motion. As Plaintiff wrote in the original draft of this motion, "[t]he parties believe that this is a more efficient path that will conserve judicial resources and reduce the chances of motion practice."

4

12. The parties are available to discuss any of this as the Court may wish to hear from them.

For the foregoing reasons, the parties jointly request that this Court stay the October 7, 2025 deadline for Plaintiff to file a renewed motion, and instead have the parties file a joint status report by October 20, 2020.

Dated: October 7, 2025

Respectfully submitted,

/s/ Brian D. Johnston

/s/ Stacie R. Hartman

Bradley W. Caldwell (*pro hac vice*)
Jason D. Cassady (*pro hac vice*)
John Austin Curry (*pro hac vice*)
Brian D. Johnston (*pro hac vice*)
Andrew T. Langford (*pro hac vice*)
Robert Seth Reich Jr. (*pro hac vice*)
Bailey A. Blaies (*pro hac vice*)
Paul Ashton Duke (*pro hac vice*)
CALDWELL CASSADY CURRY P.C.
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Fax: (214) 888-4849
bcaldwell@caldwellcc.com
jcassady@caldwellcc.com
acurry@caldwellcc.com
bjohnston@caldwellcc.com
alangford@caldwellcc.com
sreich@caldwellcc.com
bblaies@caldwellcc.com
aduke@caldwellcc.com

G. David Mathues (IL Bar No. 6393314)
HERVAS, CONDON, AND BERSANI, P.C.
333 W. Pierce Rd., Suite 195
Itasca, Illinois 60143
Telephone: (630) 773-4774
dmathues@hcbattorneys.com

**Attorneys for Plaintiff**

Stacie R. Hartman (IL Bar No. 6237265)
Alexander S. Lewis (IL Bar No. 6344752)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 324-1000
Fax: (312) 324-1001
Stacie.Hartman@morganlewis.com
Alexander.Lewis@morganlewis.com

Michael C. Polovich (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
Fax: (617) 341-7701
Michael.Polovich@morganlewis.com

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of October 2025, I caused the foregoing to be filed via the Court's CM/ECF system, which automatically serves a copy on all counsel of record.

/s/ Alexander S. Lewis  
Alexander S. Lewis
