IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RVASSETS LTD., § § *Plaintiff*, § § § v. § § MAREX CAPITAL MARKETS INC., § DAVID HOFFMAN AND JASON § MARGIOTTA, § § *Defendants*. § | Case No. 23-cv-14192 Judge April M. Perry Magistrate Judge Albert Berry III **JURY TRIAL DEMANDED** |

## JOINT STATUS REPORT

Pursuant to the Court's Order (Dkt. 97), the parties submit this Joint Status Report.

1. **Description of Claims and Relief Sought.**

   a. *Describe the claims and defenses raised by the pleadings, including the basis for federal jurisdiction.*

Plaintiff RVassets Ltd. ("RVassets") brings claims for trade secret misappropriation under the federal Defend Trade Secrets Act (18 U.S.C. § 1836, *et seq.*) and the Illinois Trade Secrets Act (765 ILCS § 1065 *et. seq.*). RVassets is a financial technology company that offers the RVa Software for algorithmically pricing and trading listed options. RVassets contends that Defendants committed trade secret misappropriation in their creation and use of a competing trading platform, OptionsLive.

Defendant Marex Capital Markets Inc. ("Marex") is a highly-successful financial brokerage business, which is part of the Marex Group that is publicly-listed on Nasdaq and acquired a company called ED&F Man Capital Markets Inc. which used Plaintiff's software, and Marex offers clients numerous services to trade in financial exchange markets around the world. Defendant Jason Margiotta works for Marex, as did Defendant David Hoffman. Defendants deny

that any of them engaged in misappropriation, including when individuals accessed the front-end graphical user interface of Plaintiff's software (Defendants' position is that Plaintiff has acknowledged that Defendants did not have access to the back-end software or any algorithms), deny that Plaintiff has any trade secrets that were accessible by any of them, and deny the remainder of Plaintiff's substantive allegations.

Federal jurisdiction exists under 28 U.S.C. § 1331 because this action arises under the federal Defend Trade Secrets Act. Federal jurisdiction is also proper under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs and the controversy is between citizens of a foreign state and different states. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law misappropriation claim under 28 U.S.C. § 1367 because those claims are closely related to Plaintiff's federal misappropriation claim and are part of the same case or controversy. Jurisdiction is not disputed on the present claims.

      b. *State the relief sought, including an itemization of damages.*

Plaintiff seeks (1) all available damages including actual loss, unjust enrichment, reasonable royalties, punitive damages, and/or exemplary damages; (2) Plaintiff's attorney's fees and costs; (3) injunctive relief; and (4) any other relief that the Court deems just and proper.

Marex and Messrs. Margiotta and Hoffman deny that Plaintiff is entitled to any relief and Defendants seek recovery of their attorney's fees pursuant to the DTSA and ITSA, including on the basis that Plaintiff's action was brought in bad faith, and all other relief that the Court deems just and proper.

**2. Referral Cases.**

This action has been referred to the Court for discovery supervision, including the authority to set, adjust, and extend all deadlines, and to conduct a settlement conference if requested by the parties.

3. **Discovery Schedule.**

A fact discovery deadline is set for February 27, 2026. Dkt. 86.

4. **Consideration of Issues Concerning Electronically Stored Information ("ESI").**

The parties are engaged in ESI discovery. The parties have not reached agreements regarding ESI and do not have areas of disagreement at this time.

5. **Settlement.**

   a. *Describe the status of any settlement discussions.*

The parties had informal settlement discussions early in the case. Those discussions proved unfruitful and have not been resumed.

   b. *State whether the parties believe a settlement conference would be productive at this time, and if not, briefly explain why.*

Plaintiff does not believe a settlement conference would be productive at this time. Especially given Defendants' position that the parties' views on the value of the case are misaligned, Plaintiff believes that Defendants must provide discovery into their financials relating to the alleged misappropriation before the parties can have a productive settlement conference. The parties are continuing to discuss discovery of Defendants' financials. Plaintiff disagrees with Defendants' characterizations below.

Marex and Messrs. Margiotta and Hoffman request a settlement conference or mediation at the Court's earliest convenience, on the basis that they and Plaintiff have vastly divergent views about the value of their respective positions and the parties would benefit from the Court's intervention, especially as Plaintiff seeks to further increase the already-outsized costs of this

3

litigation. They disagree with Plaintiff's recitation above and welcome the opportunity to discuss the merits in full with the Court.

6. **Magistrate Judge Consent.**

The parties do not consent at this time.

7. **Pending Motions.**

There are no pending motions.

8. **Trial.**

Not applicable.

9. **Other Matters.**

The parties have continued to produce discovery, permit inspections of source code, and discuss the deficiencies in each others' productions and discovery responses, with an aim to resolve the issues expeditiously and in an effort to avoid disturbing the Court with them. The parties are hopeful that these issues can be resolved without Court intervention. Resolution, however, will take time and discussion, and afterward, the parties will need time to proceed through an orderly deposition process. The parties are considering the fact discovery deadline and may seek a status conference with the Court shortly. Plaintiff believes that an extension of discovery is necessary and would facilitate the efficient resolution of the remaining issues in this case. Defendants have agreed to consider Plaintiff's proposal, which was made today.

DATED: January 6, 2026

*/s/ Brian D. Johnston*
Bradley W. Caldwell (admitted *pro hac vice*)
Texas Bar No. 24040630
Email: bcaldwell@caldwellcc.com
Jason D. Cassady (admitted *pro hac vice*)
Texas Bar No. 24045625
Email: jcassady@caldwellcc.com
John Austin Curry (admitted *pro hac vice*)
Texas Bar No. 24059636
Email: acurry@caldwellcc.com
Brian D. Johnston (admitted *pro hac vice*)
Texas Bar No. 24080965
Email: bjohnston@caldwellcc.com
Robert Seth Reich Jr. (admitted *pro hac vice*)
Texas Bar No. 24088283
Email: sreich@caldwellcc.com
Andrew T. Langford (admitted *pro hac vice*)
Texas Bar No. 24087886
Email: alangford@caldwellcc.com
Bailey A. Blaies (admitted *pro hac vice*)
Texas Bar No. 24109297
Email: bblaies@caldwellcc.com
Paul Ashton Duke (admitted *pro hac vice*)
Texas Bar No. 24140082
Email: aduke@caldwellcc.com
**CALDWELL CASSADY CURRY P.C.**
2121 N. Pearl St., Suite 1200
Dallas, Texas 75201
Telephone: (214) 888-4848
Facsimile:  (214) 888-4849

G. David Mathues
Illinois Bar No. 6393314
Email: dmathues@hcbattorneys.com
**HERVAS, CONDON, AND BERSANI, P.C.**
333 W. Pierce Road
Suite 195
Itasca, Illinois 60143
Telephone: (630) 773-4774

**ATTORNEYS FOR PLAINTIFF RVASSETS LTD.**

Respectfully submitted,

*/s/ Alexander S. Lewis*
Stacie R. Hartman (IL Bar No. 6237265)
Alexander S. Lewis (IL Bar No. 6344752)
**MORGAN, LEWIS & BOCKIUS LLP**
110 North Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 324-1000
Fax: (312) 324-1001
Stacie.Hartman@morganlewis.com
Alexander.Lewis@morganlewis.com

Michael C. Polovich (*pro hac vice*)
**MORGAN, LEWIS & BOCKIUS LLP**
One Federal Street
Boston, MA 02110
Telephone: (617) 341-7700
Fax: (617) 341-7701
Michael.Polovich@morganlewis.com

**ATTORNEYS FOR DEFENDANTS MAREX AND MESSRS. MARGIOTTA AND HOFFMAN**

5

## **CERTIFICATE OF SERVICE**

The undersigned herby certifies that the foregoing document was served upon all counsel of record on January 6, 2026, via the Court's CM/ECF system.

*/s/ Brian D. Johnston*
Brian D. Johnston
